## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEPTUNE TECHNOLOGIES & BIORESSOURCES, INC., | |
| PLAINTIFF, | Civil Action No.: _____ |
| v. | **JURY TRIAL REQUESTED** |
| RIMFROST USA, LLC, AVOCA, INC., AND OLYMPIC SEAFOOD AS, | |
| DEFENDANTS. | |

## COMPLAINT

Plaintiff Neptune Technologies & Bioressources, Inc. ("Neptune") alleges as follows:

## THE PARTIES

1.      Neptune is a corporation organized and existing under the laws of Québec, with its principal place of business at Suite 200, 225 Promenade du Centropolis, Laval, Québec, H7T 0B3 Canada.   Neptune is an industry-recognized leader in the innovation, production and formulation of science-based and clinically-proven novel omega-3 phospholipid products for the nutraceutical and pharmaceutical markets.   Among Neptune's products is NKO®, the first clinically proven omega-3 phospholipid product that has demonstrated clinical activity in managing hyperlipidemia, chronic inflammation, premenstrual syndrome, and cognitive health.

2.      Defendant Rimfrost USA, LLC ("Rimfrost") is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 841 Avoca Farm Road, Merry Hill, N.C., 27957.   On information and belief,

Rimfrost is a joint venture between Avoca, Inc. and Olympic Seafood AS, organized for the purposes of producing and selling krill oil, including within the United States. Exhibit 1.

3.     Defendant Avoca, Inc. ("Avoca") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 841 Avoca Farm Road, Merry Hill, N.C., 27957.   On information and belief, Avoca represents itself as "the world's premier botanical extraction company." Exhibit 1.   On information and belief, Avoca is the U.S.-based extraction arm of the Rimfrost joint venture.

4.     On information and belief, Defendant Olympic Seafood AS ("Olympic") is a corporation organized and existing under the laws of Norway, with its principal place of business at P.O. Box 234 Vågsplassen Fosnavåg, N-6099 Norway.   On information and belief, Olympic represents itself as a worldwide provider of Antarctic krill products containing omega-3 phospholipids, including Rimfrost krill oil and OlyMeg krill meal.   Exhibit 1; Exhibit 2.

## JURISDICTION AND VENUE

5.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

7.     This Court has personal jurisdiction over Rimfrost because Rimfrost is a Delaware corporation and a resident of this state.

8.     This Court has personal jurisdiction over Avoca because Avoca is a Delaware corporation and a resident of this state.

{00727565;v1}

9.    This Court has personal jurisdiction over Olympic pursuant to Federal Rule of Civil Procedure 4(k)(2).  This complaint arises under federal law and Olympic has sufficient contacts with the U.S. as a whole to satisfy due process standards and justify application of federal law.

10.    Olympic's activities in the U.S. evidence an ongoing business presence and an intent by Olympic to avail itself of the privilege of conducting activities within the U.S.

11.    Olympic is a self-professed partner in the U.S.-based joint venture Rimfrost, which was created to supply krill oil to the U.S. Market.  Exhibit 1; Exhibit 3.  The infringing activities of Rimfrost and joint venture partners Olympic and Avoca form the basis of this suit.

12.    Specifically, on information and belief, Olympic acts alone or in concert with others (*e.g.*, Rimfrost and Avoca) to directly import, or cause to be imported into the United States marine-based phospholipid products that infringe the Patents-in-Suit or precursors to infringing marine-based phospholipid products.

13.    On information and belief, Olympic manufactures precursors to marine-based phospholipid products that infringe the Patents-in-Suit, including, for example, krill meal sold under the product name "OlyMeg."  On information and belief, Olympic also manufactures marine-based phospholipid products that infringe the Patents-in-Suit, including, for example, krill oils sold under the product name Rimfrost.  On information and belief, Olympic, alone or through its subsidiary Olympic Biotec Ltd., causes such products to be imported into the U.S. for processing and/or distribution.  Exhibit 4; Exhibit 5.

3

14.     On information and belief, Olympic has a commercial relationship with U.S.-based joint venture partner Avoca for the purpose of extracting krill oil in the United States. Exhibit 1.

15.     Additionally, on information and belief, Olympic has also entered into a partnership with Bioriginal Food and Science Corporation ("Bioriginal) to distribute Olympic's Rimfrost Krill Collection, including krill oil, in the United States.  Exhibit 3.  On information and belief, Bioriginal imported Olympic krill oil into the United States for this purpose.  Exhibit 6.

16.     Further, on information and belief, Olympic itself imported or caused to be imported into the United States Olympic's marine-based phospholipid products that infringe the Patents-in-Suit for the purposes of, at least, demonstration and offer for sale at the recent SupplySide West trade show on November 7-8, 2012 in Las Vegas, Nevada.  Exhibit 7.

## BACKGROUND ON THE PATENTS-IN-SUIT

17.     On October 4, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,030,348 ("the '348 Patent") entitled "NATURAL MARINE SOURCE PHOSPHOLIPIDS COMPRISING POLYUNSATURATED FATTY ACIDS AND THEIR APPLICATIONS."  A true and correct text copy of the '348 Patent is attached hereto as Exhibit 8.  The '348 patent is generally directed to a krill extract comprising omega-3 fatty acids, including eicosapentaenoic acid ("EPA") and docosahexaenoic acid ("DHA"), attached to phospholipids, wherein the extract is suitable for human consumption.

18.    On October 2, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,278,351 ("the '351 Patent") entitled "NATURAL MARINE SOURCE PHOSPHOLIPIDS COMPRISING POLYUNSATURATED FATTY ACIDS AND THEIR APPLICATIONS." The '351 patent is a continuation of the '348 patent. A true and correct text copy of the '351 Patent is attached hereto as Exhibit 9.

19.    On February 26, 2013, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,383,675 ("the 675 patent") entitled "NATURAL MARINE SOURCE PHOSPHOLIPIDS COMPRISING POLYUNSATURATED FATTY ACIDS AND THEIR APPLICATIONS." The '675 patent is a continuation of the '351 patent. A true and correct text copy of the '675 Patent is attached hereto as Exhibit 10.

20.    Neptune is the lawful and sole owner of the '348, '351, and '675 patents by assignment and owns all rights, title and interest in those patents, including all rights needed to bring this action for patent infringement.

21.    Neptune's krill oil, marketed as NKO®, is the oil harvested from Antarctic krill, a shrimp like crustacean that lives deep in the ocean. Krill oil is commonly sold in soft gels or in capsules. NKO® is comprised of three major components: omega-3 fatty acids, including eicosapentaenoic acid ("EPA") and docosahexaenoic acid ("DHA") attached to phospholipids; omega-3 fatty acids attached to triglycerides; and astaxanthin and other antioxidants. The phospholipids carry the EPA and DHA directly into cells, allowing the human body to absorb them very easily.

22.    NKO® has been shown to benefit: a) cardiovascular health by lowering bad cholesterol and maintaining good cholesterol; b) chronic inflammation by reducing c-reactive

{00727565;v1}

protein (CRP) and relieving joint pain; c) premenstrual syndrome and dysmenorrheal by relieving associated symptoms; and d) cognitive function.

23.    Neptune, a recognized market leader, is dedicated to investing in medical research to improve human health.

## COUNT I
### (Patent Infringement by Defendant Rimfrost)

24.    The allegations of paragraphs 1-23 are incorporated as though fully set forth herein.

25.    On information and belief, Defendant Rimfrost is infringing the '348, '351 and '675 patents by making, using, selling, offering to sell, and/or importing into the United States krill oil containing omega-3 phospholipids, including products sold under the trade names Rimfrost Sublime, that infringe the patents-in-suit.

26.    Additionally, on information and belief, Rimfrost knowingly induces and/or contributes to the infringement of the patents-in-suit by others (*e.g.*, through sale of the product to distributors or through importation of krill meal, a krill oil precursor, to be used in the extraction of products that infringe the patents-in-suit).   On information and belief, Rimfrost intends for others to infringe the patents-in-suit, and has knowledge, at least of this filing, that such actions constitute infringement of the patents-in-suit.

27.    On information and belief, Rimfrost's infringement of the '348 and '351 patents has been and continues to be willful and deliberate.

28.    Rimfrost's acts of infringement have injured and damaged Neptune.

6

29.     Rimfrost's acts have caused irreparable injury to Neptune and will continue to cause irreparable injury until Rimfrost is enjoined from further infringement by this Court.

## COUNT II
### (Patent Infringement by Defendant Olympic)

30.     The allegations of paragraphs 1-23 are incorporated as though fully set forth herein.

31.     On information and belief, Defendant Olympic is infringing the '348, '351 and '675 patents by making, using, selling, offering to sell, and/or importing into the United States krill oil containing omega-3 phospholipids, including products sold under the trade names Rimfrost Sublime, that infringe the patents-in-suit.

32.     Additionally, on information and belief, Olympic knowingly induces and/or contributes to the infringement of the patents-in-suit by others (*e.g.*, by sale of the product to distributors or through importation of krill meal, a krill oil precursor, to be used in the extraction of products that infringe the patents-in-suit).  On information and belief, Olympic intends for others to infringe the patents-in-suit, and has knowledge, at least as of this filing, that such actions constitute infringement of the patents-in-suit.

33.     On information and belief, Olympic's infringement of the '348 and '351 patents has been and continues to be willful and deliberate.

34.     Olympic's acts of infringement have injured and damaged Neptune.

35.     Olympic's acts have caused irreparable injury to Neptune and will continue to cause irreparable injury until Olympic is enjoined from further infringement by this Court.

7

## COUNT III
### (Patent Infringement by Defendant Avoca)

36.     The allegations of paragraphs 1-23 are incorporated as though fully set forth herein.

37.     On information and belief, Defendant Avoca is infringing the '348, '351 and '675 patents by making, using, selling, offering to sell, and/or importing into the United States krill oil containing omega-3 phospholipids, including products sold under the trade names Rimfrost Sublime, that infringe the patents-in-suit.

38.     Additionally, on information and belief, Avoca knowingly induces and/or contributes to the infringement of the patents-in-suit by others (*e.g.*, by sale of the product to distributors or through importation of krill meal, a krill oil precursor, to be used in the extraction of products that infringe the patents-in-suit).  On information and belief, Avoca intends for others to infringe the patents-in-suit, and has knowledge, at least as of this filing, that such actions constitute infringement of the patents-in-suit.

39.     Upon information and belief, Avoca's infringement of the '348 and '351 patents has been and continues to be willful and deliberate.

40.     Avoca's acts of infringement have injured and damaged Neptune.

41.     Avoca's acts have caused irreparable injury to Neptune and will continue to cause irreparable injury until Avoca is enjoined from further infringement by this Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Neptune requests the following relief:

{00727565;v1}

a.       judgment that Defendant Rimfrost has directly infringed, contributorily infringed, and/or induced infringement of the '348 patent;

b.       judgment that Defendant Rimfrost has directly infringed, contributorily infringed, and/or induced infringement of the '351 patent;

c.       judgment that Defendant Rimfrost has directly infringed, contributorily infringed, and/or induced infringement of the '675 patent;

d.       judgment that Defendant Olympic has directly infringed, contributorily infringed, and/or induced infringement of the '348 patent;

e.       judgment that Defendant Olympic has directly infringed, contributorily infringed, and/or induced infringement of the '351 patent;

f.       judgment that Defendant Olympic has directly infringed, contributorily infringed, and/or induced infringement of the '675 patent;

g.       judgment that Defendant Avoca has directly infringed, contributorily infringed, and/or induced infringement of the '348 patent;

h.       judgment that Defendant Avoca has directly infringed, contributorily infringed, and/or induced infringement of the '351 patent;

i.       judgment that Defendant Avoca has directly infringed, contributorily infringed, and/or induced infringement of the '675 patent;

j.       judgment that Defendant Rimfrost has willfully infringed the '348 patent;

9

k.    judgment that Defendant Rimfrost has willfully infringed the '351 patent;

l.    judgment that Defendant Olympic has willfully infringed the '348 patent;

m.    judgment that Defendant Olympic has willfully infringed the '351 patent;

n.    judgment that Defendant Avoca has willfully infringed the '348 patent;

o.    judgment that Defendant Avoca has willfully infringed the '351 patent;

p.    a permanent injunction preventing Defendant Rimfrost and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and customers, and those in active concert or participation with any of them, from making, using, importing, offering to sell or selling any krill oil and/or products containing krill oil and/or products containing omega-3 phospholipids that infringe any claim of the patents-in-suit, including Rimfrost Sublime krill oil;

q.    a permanent injunction preventing Defendant Olympic and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and customers, and those in active concert or participation with any of them, from making, using, importing, offering to sell or selling any krill oil and/or products containing krill oil and/or products containing omega-3 phospholipids that infringe any claim of the patents-in-suit, including Rimfrost Sublime krill oil;

r.    a permanent injunction preventing Defendant Avoca and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and customers, and those in active concert or participation with any of them, from making, using, importing, offering to

10

{00727565;v1}

sell or selling any krill oil and/or products containing krill oil and/or products containing omega-3 phospholipids that infringe any claim of the patents-in-suit, including Rimfrost Sublime krill oil;

s.      judgment against Defendant Rimfrost for money damages sustained as a result of its infringement of the patents-in-suit in an amount to be determined at trial;

t.      judgment against Defendant Olympic for money damages sustained as a result of its infringement of the patents-in-suit in an amount to be determined at trial

u.      judgment against Defendant Avoca for money damages sustained as a result of its infringement of the patents-in-suit in an amount to be determined at trial;

v.      an award of pre-judgment interest;

w.      costs and reasonable attorneys' fees incurred in connection with this action pursuant to 35 U.S.C § 285; and

x.      such other and further relief as this Court finds just and proper.

## JURY DEMAND

Plaintiff Neptune requests trial by jury.

11

{00727565;v1}

ASHBY & GEDDES

*[signature]*

_____
John G. Day (#2403)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, Delaware  19899
(302) 654-1888
jday@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Plaintiff*
*Neptune Technologies & Bioressources, Inc.*

*Of Counsel:*

Jonathan G. Graves
Tryn T. Stimart
COOLEY LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA  20190
(703) 456-8000
jgraves@cooley.com
tstimart@cooley.com

Dated: February 28, 2013

12